|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF MISSOURI<br>EASTERN DIVISION | |
| MARY J. BAKER,<br><br>   Plaintiff,<br><br>   v.<br><br>ST. LOUIS NH, LLC, et al.,<br><br>   Defendants. | Case No. 4:24-cv-00234-SRC |

**PLAINTIFF'S RESPONSE TO THE COURT'S JULY 15, 2026**
**ORDER TO SHOW CAUSE (DOC. 121)**

## INTRODUCTION

The Guardian ad Litem has reported that Maria Loper's share of the settlement was disbursed into her special needs trust. Doc. 116, ¶ 4. Undersigned counsel cannot independently confirm that payment, much less certify it, because Maria's funds never passed through Undersigned counsel's hands. They were held in—and, by the Guardian ad Litem's account, disbursed from—the client trust account of the Guardian ad Litem's firm, The Simon Law Firm, P.C. *See* Doc. 105, ¶ 4; Doc. 116, ¶ 4. Undersigned counsel holds no record of its own from which to certify the disbursement, yet the Court's July 1 Order directs Baker to file "a receipt and partial satisfaction of judgment" memorializing it. Doc. 117; *see* Doc. 95 at 6.

That is the nub of the matter, and it explains why no such filing issued by July 13: the Court directed the one participant with no custody of the funds and no record of their movement to certify that they moved. None of Maria's proceeds ever passed through undersigned counsel or The Steele Law Firm, and the Court declined to award counsel any fee from Maria's share. *See* Doc. 95 at 4–5. The Defendant paid Maria's share, and the Guardian ad Litem's firm held and disbursed it; those parties—not Undersigned counsel—hold the records on which a receipt and satisfaction depends.

Baker does not ask the Court to take the disbursement on faith. The Guardian ad Litem has reported it, and the trustee's confirmation of the deposit is already within that report. Doc. 116, ¶ 4; Doc. 117. Baker respectfully requests that the Court discharge the Order to Show Cause and direct the Guardian ad Litem or the Defendant, who hold the records, to execute and file the receipt and partial satisfaction of judgment.

2

## BACKGROUND

**I.   The settlement-approval judgment ordered the Defendant to fund Maria's share into a special needs trust.**

On September 25, 2025, the Court approved the parties' $150,000 wrongful-death settlement and apportioned the proceeds among the four statutory beneficiaries: Maria Loper 38.75%, Mary Baker 38.75%, Gary Loper 17.5%, and Altavian Saddler 5%. Doc. 95 at 5. As to Maria's share, the Court found it "neither fair nor equitable to award Steele fees from Maria's share of the settlement," assessed no attorney's fee against that share, and directed that Maria's full 38.75% share—$58,125—be held in a special needs trust for her sole benefit. Doc. 95 at 5; *see* Doc. 96 at 1.

The Court ordered the Defendant, St. Louis NH, to make that payment. *See* Doc. 95 at 6 ("St. Louis NH must pay Maria's portion of the settlement proceeds into a special needs trust"); Doc. 96 at 2 ("[T]he Court orders that St. Louis NH disburse Maria's portion of the total settlement proceeds into this trust, upon its creation."). The Court appointed Nancy K. Troutman of Roman & Boock, LLC to create the trust, appointed Mary Baker as trustee, and directed that Troutman's reasonable trust-preparation fees be paid from Maria's portion. Doc. 96 at 2. It also ordered Baker to file, "within ten days of the parties' receipt of the settlement funds, a receipt and satisfaction of judgment," and retained continuing jurisdiction over enforcement of the settlement. Doc. 95 at 6.

**II.    Maria's funds were held and disbursed by the Guardian ad Litem's firm—never by undersigned counsel—and the Guardian ad Litem reported the disbursement to the Court.**

Establishing the trust and obtaining its approval by the Missouri Department of Social Services took several months. Throughout that period, Maria's settlement funds were held not by undersigned counsel, but in the client trust account of the Guardian ad Litem's firm, The Simon Law Firm, P.C. *See* Doc. 105, ¶ 4 ("Ms. Loper's settlement proceeds remain in The Simon Law Firm, P.C.'s trust account until the bank account for the special needs trust is opened. Once the special needs trust bank account is open, the funds held in The Simon Law Firm, P.C.'s trust account will promptly be transferred to the trust."). The Guardian ad Litem submitted periodic status reports on that process. *See* Docs. 105, 116.

After the Department of Social Services confirmed the trust's Medicaid pay-back language on June 4, 2026, the trust bank account was opened, and—according to the Guardian ad Litem—his firm disbursed Maria's share into the trust: "Maria Loper's settlement proceeds in the amount of $55,795.39 were disbursed from The Simon Law Firm, P.C.'s client trust account to Maria Loper Special Needs Trust, Mary Baker, Trustee via check on June 18, 2026, and delivered via FedEx on June 19, 2026," and "Mary Baker confirmed that the funds were deposited into the special needs trust account on June 20, 2026." Doc. 116, ¶ 4. That net figure reflects Maria's $58,125 gross share less $2,329.61 in trust-preparation and guardian ad litem expenses reported by the Guardian ad Litem—$2,100.00 to Roman & Boock, LLC for preparing the trust, *see* Doc. 96 at 2, and $229.61 to The Simon Law Firm, P.C. *See* Doc. 116, ¶ 4. These are the Guardian ad Litem's figures and records, not Undersigned counsel or his firm.

4

The Guardian ad Litem reported the disbursement to the Court in the June 24, 2026, status report—within days of the June 20 deposit, and consistent with the Court's standing instruction to notify it within five days after Maria's portion is disbursed into the trust. Doc. 116, ¶ 4; *see* Doc. 117 (describing the reporting requirements of Doc. 99). The Court acknowledged receiving that report. *See* Doc. 117 ("The parties submitted their fourth status report on June 24, 2026, notifying the Court that the settlement proceeds were disbursed into Maria's special needs trust.").

## III.    The Court's July 1 and July 15, 2026, Orders.

On July 1, 2026, the Court modified the receipt-and-satisfaction requirement of Doc. 95, directing Baker to file, no later than July 13, 2026, "a receipt and partial satisfaction of judgment regarding only the disbursement of the settlement proceeds into Maria's trust." Doc. 117. When that formal document was not filed by July 13, the Court entered the July 15, 2026, Order to Show Cause now before the Court, directing Baker to show cause by July 22, 2026, and to file the receipt and partial satisfaction by the same date. Doc. 121.

## RESPONSE TO THE ORDER TO SHOW CAUSE

### I.    The failure to file the formal receipt and partial satisfaction by July 13 was not willful.

The Court's Order invokes the inherent "power to assess sanctions for a party's willful disobedience of a court order." Doc. 121 at 1 (citation omitted). No willful disobedience occurred here. The disbursement that a receipt and partial satisfaction would memorialize has been reported as complete, and the Court was informed of it within days, through the Guardian ad Litem's June 24 status report. Doc. 116, ¶ 4; Doc. 117. If the formal document did not follow by July 13, it was not because Baker disregarded the Court's order, but for the reason set out below: the funds never passed through Undersigned counsel's hands, and Undersigned counsel cannot certify a payment it did not make and cannot document.

### II.    Undersigned Counsel cannot certify a disbursement that never passed through its hands.

A receipt and satisfaction of judgment is a representation to the Court that the judgment has been paid. Undersigned counsel cannot responsibly make that representation as to Maria's share. Undersigned counsel never received, held, or disbursed those funds, and holds no record of the payment. Maria's proceeds sat in the client trust account of the Guardian ad Litem's firm—not Undersigned counsel's—until they were disbursed into the trust. *See* Doc. 105, ¶ 4; Doc. 116, ¶ 4. Whatever Undersigned counsel knows of the disbursement, it knows secondhand, from the Guardian ad Litem's report alone. Doc. 116, ¶ 4. Undersigned counsel's duty of candor to the Court does not permit it to certify, from that posture, a payment it cannot confirm from its own records.

**III.    The Guardian ad Litem and the Defendant hold the records and are the parties able to execute the receipt and partial satisfaction.**

The parties positioned to confirm the payment are the ones who made and handled it. The Court ordered the Defendant, St. Louis NH, to pay Maria's share into the trust, Doc. 95 at 6; Doc. 96 at 2, and the Guardian ad Litem's firm held the funds and issued the disbursing check, Doc. 116, ¶ 4. Between them, they hold every record on which a receipt and satisfaction would rest—the trust-account ledger, the check, and the transmittal. The Guardian ad Litem, moreover, has not been discharged and remains engaged in the matter. *See* Doc. 116, ¶ 6. Baker therefore respectfully requests that the Court direct the Guardian ad Litem or the Defendant to execute and file the receipt and partial satisfaction of judgment as to Maria's share. The Court is not left without confirmation in the meantime: the Guardian ad Litem has reported the disbursement, and the trustee's confirmation of the deposit is already within that report. Doc. 116, ¶ 4; *see* Doc. 117.

<b>CONCLUSION</b>

The Court's orders set out to protect one thing above all: Maria's receipt of her settlement share. By the Guardian ad Litem's account, that is done—the funds were disbursed into her trust, and the Court was told within days. Doc. 116, ¶ 4; Doc. 117. What remains is a formal receipt and satisfaction, and the parties able to execute it from actual records are the Guardian ad Litem and the Defendant—not counsel, through whose hands none of Maria's funds ever passed. Plaintiff respectfully requests that the Court discharge its July 15, 2026, Order to Show Cause (Doc. 121) and direct the Guardian ad Litem or the Defendant to execute and file the receipt and partial satisfaction of judgment as to Maria's share.

7

Dated: July 22, 2026   Respectfully submitted,

      **STEELE LAW FIRM II, LLC**
      */s/ Jonathan Steele*
      Jonathan Steele
      MO#63266/KS#24852/OK#35997
      Email: jonathan@nursinghomeabuselaw.com
      Direct: (913) 356-9630
      Office: (816) 466-5947
      Fax: (913) 416-9425
      nursinghomeabuselaw.com

      Missouri Office
      2029 Wyandotte, Suite 100
      Kansas City, MO 64108

      Oklahoma Office
      15401 N. May Ave., Suite 1100
      Edmond, OK 73013

      ***ATTORNEY FOR PLAINTIFF***

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, a true and accurate copy of the foregoing was filed and served upon all counsel of record via the Court's CM/ECF system.


*/s/ Jonathan Steele*
Jonathan Steele